**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America

      Plaintiff,

          **MEMORANDUM OPINION**
  v.         **AND ORDER**
          Criminal No. 14-311 ADM/FLN
          Civil No. 17-1958 ADM

Michael John Mangan,

      Defendant.

_____

Michelle E. Jones, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of
Plaintiff.

Brandon Creighton Sample, Esq., Brandon Sample PLC, Rutland, VT; and Daniel L. Gerdts,
Esq., Daniel L. Gerdts, Lawyer, Minneapolis, MN, on behalf of Defendant Michael John
Mangan.

_____

**I.  INTRODUCTION**

   This matter is before the undersigned United States District Judge for a ruling on

Defendant Michael John Mangan's ("Mangan") Amended Motion under 28 U.S.C. § 2255

[Criminal Docket No. 109][1] ("Amended 2255 Motion").  For the reasons set forth below,

Mangan's Amended 2255 Motion is granted.

**II.  BACKGROUND**

   On September 24, 2014, Mangan was indicted on seven counts of mail and wire fraud, in

violation of 18 U.S.C. §§ 1341 and 1343.  See Indictment [Docket No. 1].  On February 23,

2015, Mangan entered a plea of guilty to one count of wire fraud and one count of mail fraud,

and the parties agreed to dismiss the remaining counts.  See Min. Entry [Docket No. 35].  At the

_____

[1] All docket citations are to the Criminal Docket.

time of his guilty plea, Mangan was serving a 72-month sentence in state court on three felony stalking convictions.

The Plea Agreement [Docket No. 36] set forth the parties' recommendation that Mangan be sentenced at the low end of the applicable guidelines range of 63 to 78 months imprisonment. Plea Agreement at 6. The parties additionally recommended that "48 months of that sentence be served consecutively and the remainder . . . be served concurrently to the [72-month] state court sentence [Mangan was] . . . serving." Id.

In their sentencing memoranda, both parties recommended that Mangan be sentenced to 63 months imprisonment, with 15 months to be served concurrently to the state court sentence and the remaining 48 months to be served consecutively. Def.'s Sentencing Position [Docket No. 59]; Government's Sentencing Position [Docket No. 66].

On December 18, 2015, Mangan was sentenced to a 63 month sentence; 15 months concurrent and 48 months consecutive to his state court sentence. Sentencing J. [Docket No. 73]. The sentence was consistent with the Plea Agreement and the parties' positions at sentencing. In imposing the sentence, the Court stated that it would "enforce the negotiation here," referring to the Plea Agreement. Tr. [Docket No. 84] 23:6. After sentencing, Mangan was returned to the custody of the Minnesota Bureau of Prisons. Mangan completed his state sentence on May 18, 2016.

In December 2016, the Federal Bureau of Prisons ("BOP") determined that Mangan was not entitled to 698 days of presentencing credit for time served in state custody. Def.'s Mem. [Docket No. 90] Ex. 1. The BOP subsequently reduced Mangan's prior custody credit to one day. Id.

On June 8, 2017, Mangan filed a pro se § 2255 Motion [Docket No. 89] arguing that the Government breached the Plea Agreement by demanding the BOP remove his presentencing custody credit.  Id.  Mangan asserted that "[t]o allow the 15 months [imposed by this Court] to run concurrent with the state sentence, [he] would have had to get most of that 15 months as presentencing custody credit, and that did not happen."  Id. at 10.  The Government's responded that Mangan's Motion should be denied because his claim constituted a challenge to the execution of his sentence and not to the validity of his sentence, the former which is not cognizable under § 2255.  See Response [Docket No. 99].

On September 13, 2017, Mangan, now represented by counsel, filed the Amended 2255 Motion.  Mangan argues that based upon the Plea Agreement and the Court's colloquy during his change of plea hearing, his "reasonable understanding of the plea agreement was that he would serve 48 months in federal prison after completing his state sentence."  Def.'s Mem. Supp. Am. Mot. [Docket No. 110] at 1.  Based upon the BOP's revised computation of his sentence, Mangan contends that his new release date is 303 days longer than the 48 month consecutive sentence he agreed upon.  Mangan thus requests a sentence reduction of 303 days.

### III.  DISCUSSION

**A.  Section 2255**

28 U.S.C. § 2255 provides a prisoner in federal custody a limited opportunity to collaterally attack the constitutionality or legality of his sentence, as well as to argue that "the court was without jurisdiction to impose such a sentence."  Relief under § 2255 is reserved for correcting "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure."  United States v.

Timmreck, 441 U.S. 780, 783 (1979).

**B. Mangan's Amended 2255 Motion**

Mangan argues that the Court should reduce his sentence by 303 days to give effect to Mangan's reasonable understanding of the Plea Agreement. In the alternative, Mangan argues that his counsel was ineffective for failing to ensure that Mangan's sentence comported with his reasonable understanding of the Plea Agreement.

### 1. Request for a Sentence Reduction

Mangan claims that his reasonable understanding of the Plea Agreement was that he would serve 48 months in federal prison after he completed his state sentence. This understanding, Mangan asserts, was supported by communications from his former counsel, the change of plea hearing, and the Court's colloquy during sentencing. Def.'s Mem. Supp. Am. Mot. at 14, 15 ¶¶ 4–8; Tr. 22:23–23:6. According to Mangan, due to the BOP's time-served calculation, his sentence is now 303 days longer than the 48 month consecutive term he bargained for. Thus, to enforce the terms of the Plea Agreement, Mangan requests a sentence reduction of 303 days.

The Government does not dispute that Mangan bargained for a 48 month term of imprisonment that would be served consecutively to his state court sentence. However, the Government argues that Mangan's request is not cognizable under § 2255, which is reserved for correcting errors of law constituting a "fundamental defect which inherently results in a complete miscarriage of justice." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)).

The Government contends that Mangan's request is similar to the relief sought in United

4

States v. Obeso-Melchor, No. 10-230, 2012 WL 1941799 (D. Minn. May 29, 2012). There, the defendant requested an eight month sentence reduction to account for time in custody that the BOP did not credit. Id. at *1. In denying the defendant's request, the district court held that the BOP has the ultimate authority for deciding how much credit should be given for time served, and that disagreements with the BOP's calculations must first be challenged through BOP administrative procedures. Id. Once those administrative remedies are exhausted, inmates may seek judicial review by filing a habeas corpus petition under 28 U.S.C. § 2241 in the district in which the inmate is incarcerated. Id. Relief under § 2255 was therefore not cognizable because the defendant did not claim that his sentence was imposed in violation of the Constitution or federal law. Id.

Mangan argues that Obeso-Melchor is inapposite because he is not arguing that the BOP is improperly executing his sentence.[2] Rather, Mangan asserts that his sentence was imposed in violation of the Constitution since a breach of the Plea Agreement constitutes a violation of his due process rights that is cognizable under § 2255. See Brunelle v. United States, 864 F.2d 64, 65 (8th Cir. 1988) (holding that defendant was entitled to resentencing due to Government's breach of the plea agreement, brought under § 2255). The Court agrees that the crux of Mangan's Amended 2255 Motion is a challenge to validity of his sentence, and not a challenge to the execution of his sentence. Thus, Mangan has raised a cognizable claim under § 2255.

Mangan relies upon United States v. Troches, 208 F.3d 204 (2d Cir. 2000) to support his argument. Troches' plea agreement set forth that his sentence should run concurrent to a state

---

[2] Mangan does not argue that the BOP incorrectly recalculated his credit for time already served.

court sentence considered to have begun on April 25, 1991. Id. at *1. At his November 1992 sentencing, the district court adopted the plea agreement and explicitly stated that his sentence would be concurrent to the sentence for the state crime and be retroactive to April 25, 1991. Id. However, the judgment did not reflect that the sentence should be concurrent, and the BOP did not credit Troches for the 19 months of state time served beginning on April 25, 1991. Id. Thereafter Troches sought relief under § 2255, requesting a sentence reduction of 19 months to account for the time he should have been credited between April 1991 and November 1992. Id. The Second Circuit concluded that Troches' plea agreement would be breached unless his sentence was reduced to comport with his reasonable understanding of the plea agreement. Id. at *2.

Troches supports Mangan's argument that if both parties and the sentencing court reasonably understood the Plea Agreement to mean that he would serve no more than 48 months in federal custody, that agreement will be breached if Mangan's sentence is not reduced to comport with that understanding.

The Government has not presented any evidence that undermines Mangan's contention that he reasonably understood the Plea Agreement to mean that he would serve 48 months in federal prison after he completed his state sentence. The Government has also not presented any evidence to show that its or the Court's understanding of the Plea Agreement differed from Mangan's. Therefore, as in Troches, Mangan's Plea Agreement will be breached unless Mangan's sentence is reduced.[3]

---

[3] Because Mangan is entitled to a sentence reduction, his ineffective assistance of counsel argument is moot.

6

**2. Sentence Reduction**

Mangan claims that his federal term of imprisonment began on May 18, 2016, "the date Mangan was released from state custody and began service of the 48-month consecutive portion of his federal sentence." Reply [Docket No. 117] at 2. If Mangan's 48-month sentence began on May 18, 2016, he would be entitled to a sentence reduction of 303 days: 48 months from May 18, 2016 is May 18, 2020, which is 303 days short of March 16, 2021, Mangan's current full term date.

The Court has ruled that Mangan is entitled to a sentence reduction consistent with his Plea Agreement and the sentencing court's intent. If in the Government's view the calculation of the reduction to reflect a 48-month federal sentence after release from state custody results in a different full term date than May 18, 2020, a memorandum reflecting the calculation of the appropriate release date must be filed by December 29, 2017.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Michael John Mangan's Amended Motion to Vacate under 28 U.S.C. § 2255 [Criminal Docket No. 109] is **GRANTED**. Mangan's sentence will be reduced by the appropriate number of days to comport with his reasonable understanding of the Plea Agreement and the intent of the Court.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 19, 2017.

7